## Robert H. Taft, Appellant, v. William Herley, Appellee.

### Gen. No. 23,726.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 15, 1918.

### Statement of the Case.

Action by Robert H. Taft, plaintiff, against William Herley, defendant, to recover a balance alleged to be due on a sale of shares of stock under a contract. From a judgment for defendant, plaintiff appeals.

POPE, HOIG, FULLER & LEE, for appellant.

LEVISOHN & LEVISOHN, for appellee; ISRAEL COWEN, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

### Abstract of the Decision.

1. FRAUDS, STATUTE OF, § 91*—*when recovery may be had on implied contract.* After default has been made by either party to a contract voidable under the Statute of Frauds, neither party can recover against the other on the basis of an implied contract as to such part of the voidable contract as remains to be executed by the plaintiff, but only as to such part as he has executed, and, to recover, plaintiff must both allege and prove that he has executed his part of the contract, either in whole or in part, and, on the basis of that execution, seek to recover the fair and reasonable compensation due him by reason of the execution.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of defense in action on contract for sale of stock is sufficient.* In an action to recover a balance claimed to be due on a contract for the sale

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of stock, the statement of claim in which does not allege execution of the contract by delivery of the stock, an affidavit of defense which avers that the parties entered into a verbal agreement for the purchase of the stock by which defendant was to pay a certain amount in cash and notes and also to convey to plaintiff certain real estate and that such agreement fixed no value for the real estate and no purchase price for the stock, and sets up the Statute of Frauds as a defense, interposes a complete defense to the action.

3. FRAUDS, STATUTE OF—*what does not constitute execution of contract for sale of stock taking case out of.* A tender of stock, as to the sale of which the parties had contracted orally, after the purchaser had instituted proceedings against the seller to recover back so much of the purchase price as he had paid, does not constitute such an execution of the contract by the seller as will take the contract from within the Statute of Frauds.